17-305-cv
*Jefferson v. Reddish*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand eighteen.

**PRESENT:**

      **ROBERT D. SACK,**
      **PETER W. HALL,**
      **CHRISTOPHER F. DRONEY,**
            ***Circuit Judges.***

---

JORDAN JEFFERSON,

      *Plaintiff-Appellee,*

    v.                                No. 17-305-cv

THADDEUS REDDISH, MATTHEW ABBATE, DAVID GULIUZZA, JUSTIN MARSHALL, ANGELO MAURIELLO, FRANK LIMON, ARIEL MELENDEZ, CITY OF NEW HAVEN,

      *Defendants-Appellants.*

---

Appearing for *Plaintiff-Appellee*:    ROSEMARIE PAINE, Jacobs & Dow, LLC, New Haven, CT.

Appearing for *Defendants-Appellants*:  THOMAS GERARDE, Beatrice S. Jordan, *on the brief,* Howd & Ludorf, LLC, Hartford, CT.

Appeal and from an order of the United States District Court for the District of Connecticut (Eginton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Plaintiff-appellee Jordan Jefferson brought this action against individual police officers, supervisors, and the City of New Haven, alleging they were involved in his seizure and arrest during a Yale-sponsored event at a nightclub in downtown New Haven. Jefferson claimed that the officers who arrested him violated his Fourth, Eighth, and Fourteenth Amendment rights and that the supervisors—Chief Limon, Assistant Chief Melendez, and Sergeant Guliuzza—were liable for failing to train or properly supervise the officers. Jefferson also alleged numerous state law causes of action. Defendants moved for summary judgment, and the district court granted summary judgment in part by dismissing the Eighth and Fourteenth Amendment claims. It denied summary judgment in part, determining there were disputed issues of material facts as to Jefferson's Fourth Amendment and state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the relevant issues on appeal

In this interlocutory appeal, defendants appeal the district court's denial of qualified immunity for the defendants as to the false arrest claim. To the extent defendants also appeal the district court's denial of summary judgment for Chief Limon and Assistant Chief Melendez as to the supervisory liability claims, we consider those arguments an appeal from the denial of qualified immunity. "[W]e

2

have jurisdiction to review the denial of qualified immunity on an interlocutory basis provided . . . we can determine that issue as a matter of law." *Coollick v. Hughes*, 699 F.3d 211, 218 (2d Cir. 2012). "We . . . have jurisdiction over the appeal to the extent it is based on either the undisputed facts or the version of the facts presented by [the plaintiff], and we will disregard any disputed facts or facts that contradict [the plaintiff]'s version of the events." *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 761 (2d Cir. 2003).

On the record before it, the district court correctly determined that there were genuine disputes of material fact as to the false arrest and supervisory liability claims that precluded granting summary judgment. The parties agree that Jefferson was arrested for failure to abide by an order regarding cell phones and for speaking with a friend. But on the record before us, there are disputed issues of material fact as to the scope of the officers' instructions to refrain from cell phone use and from talking to other patrons. The record, moreover, does not definitively determine whether Jefferson's conduct constituted non-compliance with those orders. These factual disputes preclude determining whether the officers are entitled to qualified immunity. *See Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003).

We also conclude there are similar disputes of fact regarding Jefferson's supervisory liability claims. Chief Limon and Assistant Chief Melendez assert that they were not present for Jefferson's arrest and cannot be held liable under 42 U.S.C. § 1983. *See Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001) ("[I]t is well settled in this Circuit that personal involvement of defendants in alleged

3

constitutional deprivations is a prerequisite to an award of damages under § 1983." (quotation marks and citation omitted)). Assuming defendants have preserved this argument for appeal, they nonetheless rely on disputed facts to support their argument. For example, by their own admissions the Chief and Assistant Chief were the only police officers wearing white shirts, and there were numerous witnesses who identified at least one officer in a white shirt in the establishment at the time of Jefferson's arrest. That fact alone is sufficient to demonstrate a factual dispute as to whether either the Chief or Assistant Chief, or both, were present for Jefferson's arrest and could potentially be held personally liable based on the negligent supervision of the arresting officers.

Because a jury could reasonably find that defendants lacked probable cause or even arguable probable cause to arrest Jefferson and could also find as a fact that the Chief and Assistant Chief were present during the alleged violations of Jefferson's constitutional rights, genuine disputes of material fact preclude our determining as a matter of law whether defendants are entitled to qualified immunity. That being the case, we lack jurisdiction over the false arrest claim and any claim for qualified immunity as to the supervisory liability claim made for the first time on appeal. *See DiMarco v. Rome Hosp. & Murphy Memorial Hosp.*, 952 F.2d 661, 666 (2d Cir. 1992). To the extent defendants seek to appeal anything other than the denial of qualified immunity, we also lack appellate jurisdiction to consider those arguments in this interlocutory appeal. *See O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 38 (2d Cir. 2003).

We note that in reaching this conclusion we have relied on, as we must, the undisputed facts or the version of facts that Jefferson has pled, and we specifically decline to determine whether any of the defendants may later be entitled to qualified immunity as the case proceeds and the evidence is further developed.

We have considered defendants' remaining arguments in favor of appellate jurisdiction over their federal and state law claims and find them to be without merit. This appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk